NORTH HENNEPIN PRODUCERS ASSOCIATION v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY AND OTHERS.[1]

November 7, 1924.

No. 24,284.

**Speculative benefits do not warrant interference with reasonable existing rates.**

Speculative benefits, standing alone, will not justify an interference with existing rates, otherwise reasonable, by the Railroad and Warehouse Commission in fixing rates for the hauling of manure from South St. Paul to points north and west of Minneapolis for the distance of 30 miles.

[1] Reported in 200 N. W. 808.

The North Hennepin Producers Association, in its complaint, prayed the Railroad and Warehouse Commission to order that the defendant railroads put in force reasonable rates for the transportation of manure from South St. Paul for all distances from 5 to 30 miles. The commission's order and subsequent proceedings are given at the beginning of the opinion. The appeal to the district court for Hennepin county was heard by Leary, J., who affirmed the order of the commission. From the judgment defendants appealed. Reversed.

*Hoke, Krause & Faegre, A. H. Lossow, F. G. Dorety* and *R. J. Hagman,* for appellants.

*Clifford L. Hilton,* Attorney General, and *Ernest C. Carman,* Assistant Attorney General, for respondent.

QUINN, J.

The above entitled matter came on for hearing, upon the complaint and answers, before the Railroad and Warehouse Commission, on May 31, 1922. A hearing was had and on December 22, 1922, an order was filed, a copy of which is, following a formal recital of the appearance of the parties, as follows:

"The rates on manure from South St. Paul to the territory named in the complaint were under consideration before this Commission in a similar complaint heard by the Commission on February 25th, 1921, upon which an order was issued June 13th, 1921. The present rates were put in effect pursuant to that order giving a material reduction in the existing rates at that time. The Commission found that the rates prescribed in that order were reasonable and adequate rates for the service performed.

"On July 1st, 1922, the Chicago, St. Paul, Minneapolis & Omaha Railway Company reduced the rates approved by this Commission in its order of June 13th, 1921, an additional 10% in accordance with the order of the Interstate Commerce Commission in case 13293, 68 I. C. C. 676. The other carriers did not make a like reduction. The complainant's association is composed of farmers located north and west of Minneapolis. The soil in this vicinity is well adapted for the raising of potatoes and other vegetables, but

it does require constant fertilizing, and according to the testimony of the complainants, the use of this fertilizer greatly increases the crop derived from their operations, which all goes to build up the country and produce traffic for the carriers, whether it is directly from the products produced or indirectly from the products consumed by the residents.

"In view of these facts the Commission finds that the existing scale of manure rates for single line haul is unreasonable to the extent that the rate for a distance of thirty miles exceeds 2½ cents.

"Therefore, it is ordered that the defendants herein, on or before the 1st day of February, 1923, do file and make effective rates on manure shipments originating at South St. Paul, from St. Paul to points north and west of Minneapolis, for the distance of thirty miles, that do not exceed 2½ cents per cwt."

From this order an appeal was taken to the district court of Hennepin county, in which reside a majority of the members of the Producers Association, where, on December 17, 1923, the order appealed from was affirmed. Judgment was accordingly entered against the appellants, Minneapolis, St. Paul & Sault Ste. Marie Railway Company and Great Northern Railway Company, from which judgment this appeal was taken.

We have then for determination, a rate making order of the Railroad and Warehouse Commission on manure shipments from St. Paul to points north and west of Minneapolis, for the distance of 30 miles, that do not exceed 2½ cents per cwt. It is urged, on behalf of appellants, that the order of the commission is, upon its face, arbitrary, unreasonable and without the necessary foundation of fact for its own support. Under the provisions of section 4182, G. S. 1913, findings of fact, *upon all matters involved* in such orders, are required. See also sections 4185 and 4191. Under the section last cited, the findings of fact constitute the basis upon which the conclusions rest. Under an order of the commission, the rates on manure from South St. Paul to the territory referred to in the complaint herein were reduced from 3.5 cents per cwt. to 3 cents. This rate was accepted by the carriers and became effective June

27, 1921, and constitutes the present rate. This rate was considered, at that time, by the commission as reasonable and adequate.

We search in vain for any facts, in the order now under consideration, showing such rates unequal or excessive. There are, however, findings, in the order under consideration, to the effect that on July 1, 1921, the Omaha Railway Company reduced the rates, fixed in June, 1921, 10 per cent in accordance with an order of the Interstate Commerce Commission, 68 I. C. C. 676; that the other carriers did not make a like reduction; that complainant's association is composed of farmers, located north and west of Minneapolis; that the soil in this vicinity is well adapted to the raising of potatoes and other vegetables, but requires fertilizing which tends to build up the country and produce traffic for the carriers; that, in view of these facts, the commission finds that the existing scale of manure rates for single line haul is unreasonable to the extent that the rate, for a distance of 30 miles, exceeds $2\frac{1}{2}$ cents.

The fact that the soil, in the limited area mentioned, is well adapted for potatoes and other vegetables, but is greatly improved by the constant use of a fertilizer, was never, so far as we are informed, a justification for reducing freight rates on manure, otherwise confessedly reasonable. Such reasoning, carried to its logical limit, might require the hauling of some commodities to some localities without charge. True, the constant use of a fertilizer, upon the soil referred to, would undoubtedly increase the crop, "which all goes to build up the country and produce traffic for the carriers." We are dealing largely with a market gardening area in close proximity to a large center of population. In these days of improved highways, much of such garden truck, as well as the imports to such localities, is moved by motor trucks. More and more in these communities, day by day, the local traffic, that formerly went to the railroads, is being taken away from them by the automobile. But, however this may be, the rule is that remote, speculative benefits to the carrier, standing alone, will not justify an interference with existing rates otherwise reasonable.

A lower rate on a certain commodity, that will go to build up the country, is not one of the elements which throws light upon the

reasonableness of a rate as between the shipper and the carrier. Southern Pac. Co. v. I. C. C. 219 U. S. 433, 31 Sup. Ct. 288, 55 L. ed. 283;Board of Railroad Commissioners of Montana v. Butte A. & P. Ry. Co. 31 I. C. C. 641, 642; Southern Mississippi Dairymen's Assoc. v. Illinois Cent. R. Co. 44 I. C. C. 297, 299; Chicago & N. W. Ry. Co. v. Dey, 35 Fed. 866-881, 1 L. R. A. 744-753.

In considering the order before us, this court will assume that the conclusion of the commission was based upon the facts specifically found. With commendable frankness, the order concludes by saying that it was "in view of these facts" that the reduction is made. Because of the deficient foundation of facts, upon which the order reducing the rate rests, when tested under the rules of law, it should not stand.

Reversed.

HOLT, J. (dissenting.)

I dissent. The trial was de novo in the district court. To me the evidence appears sufficient to sustain the rates fixed by the commission, and as being neither confiscatory nor unreasonably low.